Michael F. ADAMS, individually and in his capacity as President of the Sheriff Officers Association, Inc. and "John Doe" and "Jane Doe" being persons in the Bargaining Unit represented by the Sheriff Officers Association, Inc. and whose names are too numerous to mention, Plaintiffs,

v.

Thomas SUOZZI, in his capacity as County Executive of the County of Nassau, Howard Weitzman, in his capacity as Comptroller of the County of Nassau and The County of Nassau, Defendants.

No. 03 CV 4363(ADS)(ARL).

United States District Court, E.D. New York.

Oct. 5, 2005.

Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Wayne J. Schaefer, Sebastian Alia, of Counsel), Koehler & Isaacs, LLP, New York City (Malcolm A. Goldstein, of Counsel), for the Plaintiffs.

Lorna B. Goodman, Nassau County Attorney, by Damon S. Levenstien, Deputy County Attorney, Mineola, NY, Proskauer Rose, LLP, New York City (Edward A.

Brill, Esq., of Counsel), for the Defendants.

## ORDER

SPATT, District Judge.

This case involves an action brought by Michael F. Adams on behalf of the Nassau County Sheriff Officers Association ("SHOA" or the "Plaintiffs") against the County of Nassau (the "County"), County Executive Thomas Suozzi, and Comptroller Howard Weitzman (collectively, the "Defendants"), seeking an injunction to prevent Nassau County from implementing a "lag payroll," namely, a deferral of salary with regard to the members of SHOA. Presently before the Court is an objection by the Defendants to an order of United States Magistrate Judge Arlene R. Lindsay that denied their motion to stay the case pending an interlocutory appeal to the Second Circuit.

The background of this case is incorporated in the Court's Memorandum of Decision and Order of October 8, 2004, familiarity with that decision is assumed. In that decision, the Court denied the motion of the Defendants to stay the action pending arbitration. The Court reasoned that it could not order a stay because there was no valid agreement among the parties to arbitrate. On November 12, 2004, the Defendants timely appealed this decision pursuant to section 16(a) of the Federal Arbitration Act, which authorizes an appeal from a district court's order denying a motion to stay a case pending arbitration. 9 U.S.C. § 16(a).

On November 10, 2004, Judge Lindsay issued a scheduling order setting June 21, 2005, as the last day to complete discovery. However, by informal agreement, the parties independently decided not to conduct discovery. On July 25, 2005, following the expiration of the deadline for discovery,

Judge Lindsay denied the parties joint request to extend the discovery deadline until ninety days after a decision on the pending appeal and ordered that discovery be completed by October 28, 2005. On August 5, 2005, the Defendants timely requested that this Court reconsider Judge Lindsay's decision denying their motion to stay discovery pending the determination of the appeal.

Judge Lindsay's decision denying a stay discovery pending appeal is a nondispositive pretrial matter. A district judge "may reconsider any pretrial matter ... where it has been shown that the magistrate[judge's] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). For the following reasons the Defendants cannot meet this difficult burden.

First, the Defendants argue that the appeal divested the Court of jurisdiction. In general, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). However, this general rule is subject to many exceptions because "[t]he filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir.1989).

In cases such as the one currently before the Court, the Second Circuit has decided that the critical inquiry is whether a trial on the merits is "involved in" an appeal of an order denying arbitration. *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53 (2d Cir.2004), *cert. denied*, — U.S. ——, 125 S.Ct. 2270, 161 L.Ed.2d 1080 (2005); *see also Gutfreund v. Weiner (In re Salomon Inc. Shareholders Derivative*

*Litig.*), 68 F.3d 554, 556 (2d Cir.1995). In deciding the issue, the Second Circuit noted that other circuits are divided on the question, but adopted the position that "further district court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration, and that a district court therefore has jurisdiction to proceed with a case absent a stay from [the court of appeals]." *Id.* at 54.

■ Of particular significance to this case, the Second Circuit also stated that, although the circuits are divided on how to handle the precise issue, "[i]n no case has a Court of Appeals granted the relief that [the D]efendants now seek—undoing a trial because the district court lacked jurisdiction to proceed after an appeal from an order denying arbitration." *Id.* Given the clear precedent from the Second Circuit directly on point on this issue, the Court finds that Judge Lindsay's order denying the motion to stay pending appeal was not "clearly erroneous or contrary to law."

In the alternative, the Defendants argue that if the Court does have jurisdiction it should exercise discretion and stay all proceedings. As discussed above, Judge Lindsay was well within her discretion to deny the Defendants' motion to stay the case pending appeal. In reviewing this decision, the Court is confined to the statutory standard of review set forth in 28 U.S.C. § 636(b)(1)(A). The Court "may reconsider any pretrial matter ... where it has been shown that the magistrate[judge's] order is clearly erroneous or contrary to law." *Id.* Accordingly, the Court declines to second guess the Magistrate Judge's discretion on a nondispositive pretrial matter regarding discovery that is not "clearly erroneous or contrary to law."

■ Assuming this Court was deciding this issue de novo, the same result would be reached. This action was commenced in New York Supreme Court, Nassau County, on September 4, 2003, more than two years ago. The case involves the validity of an agreement that would allow the County to institute a "lag payroll" with regard to the members of the SHOA during calendar year 2000. Notwithstanding the lapse of almost five years since the events in this case took place, the parties disregarded the Magistrate Judge's discovery schedule and independently stayed the matter. To further delay the case would unfairly affect the interest that the public has in seeing that there is an expeditious resolution of the case, especially since this case involves a public entity. On the other hand, with reasonable certainty, no matter what the outcome of the appeal is—whether this case is heard by a federal judge or an arbitrator—the parties will need to conduct discovery to ensure an informed resolution to the case.

In short, the Court finds nothing in Judge Lindsay's order that is "clearly erroneous or contrary to law" to warrant reconsideration of the issue and denies the Defendants' motion to stay the case pending an interlocutory appeal to the Second Circuit. Therefore, the parties are directed to comply with Judge Lindsay's order setting a discovery deadline of October 28, 2005. The parties are cautioned that further refusal to conduct discovery may result in sanctions under Rule 37 of the Federal Rules of Civil Procedure.

For all the foregoing reasons, it is hereby

**ORDERED,** that the Defendants' objections to the order of United States Magistrate Judge Arlene R. Lindsay are **OVER-RULED;** and it is further

**ORDERED,** that the Defendants' motion to stay the case pending resolution of the appeal is **DENIED;** and it is further

**ORDERED,** that the parties are directed to complete discovery by October 28,

2005, as set forth in Judge Lindsay's order dated July 25, 2005.

**SO ORDERED.**